**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAYLINN NUCKOLLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| CHICAGO POLICE OFFICER MCAULITY, | ) |
| #17964, and CHICAGO POLICE | ) |
| OFFICER JOHN DOES, | ) |
| | ) |
| | ) |
| Defendants. | )   Jury Demand |

## **COMPLAINT**

1. In the summer of 2020, Plaintiff Raylinn Nuckolls, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

2. The Chicago Police Department ("CPD") and other City agencies responded to these demonstrations with brutal, violent, and unconstitutional tactics that were clearly intended to injure, silence, and intimidate Plaintiff and other protesters.

3. As explained in more detail below, Plaintiff was assaulted by CPD Officers while she posed no threat to anyone, interfering with Plaintiff's constitutional rights.

4. CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of her constitutional rights as well as physical, emotional, and mental injuries.

1

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

**PARTIES**

7. Plaintiff Raylinn Nuckolls is a white resident of Chicago, Illinois who uses she/her pronouns and was 28 years old at the time of the events that give rise to this Complaint.

8. Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

9. Defendant Officers McAulity and John Does are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with the CPD. They are sued in their individual capacity for violating Plaintiff's rights under the U.S. Constitution and Illinois state law.

**FACTUAL ALLEGATIONS**

10. On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad

daylight on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

11. On August 15, 2020, Plaintiff went with a friend to Millennium Park to participate in a Black-youth led protest calling for defunding CPD, CPD out of Chicago Public Schools, and abolishing U.S. Immigration and Customs Enforcement ("ICE").

12. Plaintiff and other protesters marched from Millennium Park to Michigan Avenue, and then turned north on Michigan Avenue toward Wacker Drive. Families and children marched in the protest with Plaintiff, including parents pushing children in strollers.

13. When the crowd arrived at the intersection of Michigan Avenue and Wacker Drive, the protesters were prevented from marching further north. The Michigan Avenue bridge was raised and there was a line of Chicago police officers preventing the protest from proceeding.

14. The crowd then turned east on Wacker Drive, where they were met with another line of Chicago police officers.

15. Plaintiff was toward the front of the crowd, near Chicago police officers, as the officers began to push protesters back, striking individuals with batons and deploying chemical agents, which were sprayed out of industrial-sized canisters.

16. Without warning or justification, an unidentified Chicago police officer shoved Plaintiff in the face with a baton, causing serious pain to her nose and her face.

17. Plaintiff witnessed a Chicago police officer deploy chemical agents against other

3

protesters.

18. Plaintiff and the other protesters began marching south on Michigan Avenue, which was the only direction not blocked by Chicago police officers. The crowd then turned west on Randolph Street.

19. Plaintiff believed the demonstration was coming to an end and that the crowd was dispersing. Plaintiff further believed that protesters were trying to find a safe way to go home without further abuse at the hands of police. At this point, Plaintiff was with her friend, toward the back of the crowd.

20. Plaintiff then heard yelling and witnessed a line of Chicago police officers surging toward the crowd of protesters.

21. Plaintiff witnessed a Chicago police officer pull a protester off a bicycle. Plaintiff witnessed the officer proceed to drag the protester by the bicycle while the protester was on the ground and appeared to be helpless. Plaintiff and her friend went over to try to assist this person off the ground.

22. When Plaintiff moved toward the individual being dragged by a Chicago police officer, she and her friend were pushed to the ground by unidentified Chicago police officers.

23. Plaintiff witnessed her friend getting hit with a baton while on the ground. Plaintiff proceeded to throw her body over her friend while her friend was sprayed by an unidentified Chicago police officer with a chemical agent directly in the eyes. Plaintiff was sprayed by the unidentified Chicago police officer with a chemical agent on her back.

24. As Plaintiff was protecting her friend from baton strikes at the hands of a Chicago police officer, another Chicago police officer yelled at her to "Get the fuck out of here." Plaintiff responded to the officer that she was leaving.

25. Plaintiff assisted her friend off the ground and started walking with them away from the officers when an unidentified Chicago police officer grabbed Plaintiff from behind and pulled her to the ground. The officer dragged Plaintiff by her hair and her scarf.

26. Multiple unidentified Chicago police officers proceeded to use their bodies to knock and pin Plaintiff to the ground, causing Plaintiff difficulty breathing and leaving her in fear for her safety.

27. Plaintiff was then handcuffed by unidentified Chicago police officers, taken into police custody, and escorted to a police vehicle.

28. While Plaintiff was in police custody and an officer was escorting her to the police vehicle, an unidentified Chicago police officer approached Plaintiff and struck her in the knee with a baton, causing Plaintiff serious pain. Plaintiff suffered bruising and a welt mark as a result of this officer's unwarranted and unjustified attack.

29. Neither the officer walking Plaintiff to the police vehicle nor any other Chicago police officers intervened to prevent the officer from striking Plaintiff with a baton in the knee, despite having the ability and opportunity to do so.

30. While in police custody, Plaintiff continued to experience pain and burning from the chemical agent on her body. Plaintiff received cups of drinking water and soap while in police lockup, which Plaintiff herself used to wash the chemical agent from her skin.

31. Plaintiff was released the following day, on August 16, 2020, and falsely charged with one misdemeanor count of Resisting Arrest and one misdemeanor count of Mob Action. Defendant McAulity, #17964, was listed as the arresting officer.

32. The charges against Plaintiff were dismissed on September 15, 2020, and the criminal case was terminated in her favor.

33. Plaintiff did not physically attack, assault, threaten, or resist the Defendant Officers or any other officer at any time or in any way.

34. Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

35. In the days and weeks following this incident, Plaintiff suffered significant pain, discomfort and burning where the chemical agent came in contact with her body. She has suffered significant emotional distress, including increased anxiety, panic attacks, and emotional distress when she is in the presence of police officers.

36. As a direct and proximate result of the actions of the Defendant Officers as detailed above, Plaintiff suffered and continues to suffer, *inter alia*, bodily injuries, pain and suffering, extreme mental distress, anguish, and fear.

## COUNT I – 42 U.S.C. § 1983
## Violation of the Fourth Amendment – Excessive Force

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. Count I is alleged against all Defendant Officers.

39. The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

41. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT II – 42 U.S.C. § 1983
**Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force**

42. Each paragraph of this Complaint is incorporated as if restated fully herein.

43. Count II is alleged against all Defendant Officers.

44. As described in detail above, Plaintiff participated in lawful, constitutionally protected activity on the public streets of the City of Chicago.

45. The actions of the Defendant Officers described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising her rights and suffered retaliation for having exercised her rights.

46. The Defendant Officers retaliated against Plaintiff for engaging in protected speech by subjecting her to excessive force without legal justification. Plaintiff's protected speech was the substantial and motivating factor for the Defendant Officers' use of force against her. The Defendant Officers' actions were intended to make Plaintiff and other people engaging in constitutionally-protected speech at the protests wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

47. At all relevant times, the Defendant Officers were aware that Plaintiff was engaged in constitutionally-protected speech when they violated her rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

48. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT III – 42 U.S.C. § 1983
### Failure to Intervene

49. Each paragraph of this Complaint is incorporated as if restated fully herein.

50. Count III is alleged against all Defendant Officers.

51. During the events described above, the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

52. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

53. As a direct and proximate result of the Defendant Officers' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, as set forth more fully above.

### COUNT IV – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – False Arrest

54. Each paragraph of this Complaint is incorporated as if restated fully herein.

55. Count IV is alleged against all Defendant Officers.

56. The actions by the Defendant Officers in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

58. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT V – 42 U.S.C. § 1983
### Conspiracy to Deprive Plaintiff of Her Constitutional Rights

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60. Count V is alleged against all Defendant Officers.

61. Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

62. Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on all Plaintiff, detain and arrest Plaintiff, knowing they lacked reasonable suspicions and/or probable cause to do so, and for the purpose of violating Plaintiff's First, Fourth, and Fourteenth Amendment rights.

63. In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiff's rights. They accomplished this goal by using excessive force on Plaintiff, illegally searching Plaintiff, and unlawfully arresting Plaintiff.

64. Each individual Defendant Officer is therefore liable for the violation of Plaintiffs' rights by any other individual Defendant Officer.

65. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, loss of property and legal expenses, as set forth more fully above.

### COUNT VI – Illinois State Law Claim
### Violations of the Illinois Constitution

66. Each paragraph of this Complaint is incorporated as if restated fully herein.

67. Count VI is alleged against all Defendant Officers.

68. The actions taken by the Defendant Officers denied Plaintiff her state constitutional rights to free expression and assembly in a peaceable manner; as provided by the Illinois Constitution, Article I, sections 1, 2, 4, 5, and 6, and were a direct and proximate cause of Plaintiff's injuries as set forth above.

69. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's Illinois State Constitutional Rights.

### COUNT VII – Illinois State Law Claim
### Intentional Infliction of Emotional Distress

70. Each paragraph of this Complaint is incorporated as if restated fully herein.

71. Count VII is alleged against all Defendant Officers.

72. The conduct and actions of the Defendant Officers set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power and authority, and were done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

73. As a direct and proximate cause of the extreme and outrageous conduct of the Defendant Officers, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

## COUNT VIII – State Law Claim
## False Arrest

74. Each paragraph of this Complaint is incorporated as if restated fully herein.

75. Count VIII is alleged against all Defendant Officers.

76. As described in detail above, the Defendant Officers falsely detained, arrested, and imprisoned Plaintiff without reasonable suspicion or probable cause and without having reasonable grounds to believe that an offense was committed by Plaintiff.

77. The misconduct in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the Plaintiff's rights.

## COUNT IX – State Law Claim
## Malicious Prosecution

78. Each paragraph of this Complaint is incorporated as if restated fully herein.

79. Count IX is alleged against all Defendant Officers.

80. Defendants and unidentified Chicago police officers, individually, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

81. The prosecution of Plaintiff terminated in her favor and in a manner that is indicative of innocence.

82. The Defendant Officers' actions were committed in a willful and wanton manner.

83. The Defendants' actions directly and proximately caused injury and damage as set forth above.

## COUNT X – State Law Claim
## Battery

84. Each paragraph of this Complaint is incorporated as if restated fully herein.

85. Count X is alleged against all Defendant Officers.

86. The actions of Defendant Officers were intentional acts which caused an unpermitted contact of a harmful and offensive nature, to which Plaintiff did not consent, constituting battery under Illinois law.

87. Plaintiff was injured as a result of Defendant Officers' actions.

88. These actions of Defendant Officers were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

89. The actions of Defendant Officers were committed in a willful and wanton manner.

## COUNT XI – State Law Claim
## Assault

90. Each paragraph of this Complaint is incorporated as if restated fully herein.

91. Count XI is alleged against all Defendant Officers.

92. The actions of Defendant Officers were intentional acts which threatened to cause unpermitted contact of a harmful and offensive nature, and placed them in reasonable apprehension of such contact, to which Plaintiff did not consent, constituting assault under Illinois law.

93. The actions of Defendant Officers were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

94. The actions of Defendant Officers were committed in a willful and wanton manner.

## COUNT XII
## Illinois State Law Claim Conspiracy

95. Each paragraph of this Complaint is incorporated as if restated fully herein.

96. Count XII is alleged against all Defendant Officers.

97. The Defendant Officers together reached an understanding, engaged in and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to violate Plaintiffs' rights guaranteed by the Illinois constitution and to be free from false arrest, malicious prosecution, and the intentional infliction of severe emotional distress on Plaintiff.

98. In furtherance of this conspiracy or conspiracies, the Defendant Officers, together with their un-sued co-conspirators, committed the overt acts set forth above.

99. The Defendant Officers acted with malice, willfulness, and reckless indifference to Plaintiff's rights.

100. Each individual Defendant is therefore liable for the violation of Plaintiff's rights by any other individual Defendant.

101. The conspiracy or conspiracies were and are continuing in nature.

102. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including mental distress, anguish, humiliation, violations of their rights, and legal expenses, as set forth more fully above.

### COUNT XIII – State Law Claim
*Respondeat Superior*

103. Each paragraph of this Complaint is incorporated as if restated fully herein.

104. Count XIII is alleged against Defendant City of Chicago.

105. In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

106. Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

## COUNT XIV – State Law Claim
## Indemnification

107. Each paragraph of this Complaint is incorporated as if restated fully herein.

108. Count XIV is alleged against Defendant City of Chicago.

109. In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

110. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor against the Defendants in the following manner:

1. Award Plaintiff compensatory and punitive damages.

2. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3. Award Plaintiff such other and further relief as this Court may deem appropriate and just.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: July 30, 2021

                                                  Respectfully submitted,

/s/ Brad J. Thomson
Brad J. Thomson

Joey L. Mogul, Janine Hoft, Ben Elson
Jan Susler, Brad Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
joeymogul@peopleslawoffice.com
janinehoft@peopleslawoffice.com
ben@peopleslawoffice.com
brad@peopleslawoffice.com
jsusler@peopleslawoffice.com

/s/ Vanessa del Valle
Vanessa del Valle
Roderick and Solange MacArthur
Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 606611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu

/s/ Sheila A. Bedi
Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu